UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Melvin C. Lewis,                                                              No. 9:05-CV-1117 (PAM/DRH)

                Plaintiff,

v.                                                                                        **ORDER**

A. Monette, C.J. Allen, and Lt. Head,

                Defendants.

---

This matter is before the Court[1] on Plaintiff's Motion for Reconsideration. The Motion is denied.

Plaintiff seeks reconsideration of the Court's Order dated August 21, 2006, in which the Court granted Defendants' motion to dismiss. Plaintiff chiefly repeats arguments already considered and rejected by the Court, but he also objects because the Court addressed the motion without a report and recommendation by a magistrate judge. Additionally, Plaintiff attempts to add entirely new claims, such as a challenge to his underlying conviction and sentence. Finally, he challenges the Court's decision to convert the motion to dismiss into a motion for summary judgment.

On a motion for reconsideration under L.R. 7.1(g), the Court applies a "clearly erroneous" standard of review. <u>People ex rel. Vacco v. Rac Holding, Inc.</u>, 135 F. Supp. 2d

---

[1] Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is the Judge of record in this case.

359, 362 (N.D.N.Y. 2001). Plaintiff must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has not identified any new data or controlling law on the merits of his claims, and his Motion is denied in this respect. In addition, the issuance of a report and recommendation is not a mandatory procedural step, and the Court therefore denies his Motion on this point as well. Further, Plaintiff's attempt to add claims to this case is not permissible on a motion for reconsideration. Finally, the conversion of the motion to dismiss to one for summary judgment was entirely proper as all parties submitted matters outside the pleadings and Plaintiff himself moved for summary judgment on all claims. Plaintiff also fails to state what additional evidence he would have provided. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Docket No. 23) is **DENIED**.

Dated: October 16, 2006

                                            s/ Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge